IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JUSTIN M. BLEDSOE**  **PLAINTIFF**
ADC #149834

v.                      Case No. 4:24-cv-00984-KGB

**CARL E. LEWIS, II,** *et al.*                      **DEFENDANTS**

## ORDER

Before the Court are the Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 5). Also pending are plaintiff Justin M. Bledsoe's motions to appoint counsel (Dkt. Nos. 3; 7) and Mr. Bledsoe's motion for summary judgment (Dkt. No. 9). Mr. Bledsoe did not file objections to Judge Kearney's Recommendations, but he filed a motion to file amended complaint (Dkt. No. 6). After careful consideration of the Recommendations, Mr. Bledsoe's motion to file amended complaint, and a *de novo* review of the record, the Court concludes that the Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. No. 5). The Court denies Mr. Bledsoe's motion to amend complaint and denies as moot Mr. Bledsoe's motion for counsel, motion for attorney, and motion for summary judgment (Dkt. Nos. 6; 7; 8).

### I.   Background

Mr. Bledsoe, formerly confined in the Varner Unit of the Arkansas Division of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 2.). Mr. Bledsoe sued Arkansas Department of Corrections Director Dexter Payne, Varner Unit Warden James G. Gibson, Disciplinary Judge Justine Minor, and Majors Carl E. Lewis, II and Roosevelt G. Barden in their official and personal capacities (*Id.*, at 2).

In his complaint, Mr. Bledsoe asserts that he was falsely issued a disciplinary. Mr. Bledsoe contends that neither Major Lewis nor Major Barden allowed him to sign the disciplinary "under the section titled witness statement" and that Disciplinary Judge Minor did not give him the chance to sign Form ISSR101 under the "inmate's statement" or on the back of the sheet to indicate that he understood his appeal rights (Dkt. No. 2, at 6). As a result, Mr. Bledsoe contends that "all sanctions should be nullified and the disciplinary completely overturned based on technicality." (*Id*., at 6). Additionally, Mr. Bledsoe challenged his conviction for possession/introduction/manufacture of any drug not prescribed by medical staff because he was never in possession of the unlawful substances (*Id*., at 7). Mr. Bledsoe maintains that, as a result, "the possession charge is moot and nullified by law . . . ." (*Id*.). Mr. Bledsoe sues defendants for due process violations, false imprisonment, violation of prison policy, and falsification of state documents (*Id*., at 8–9). In addition, he sues Warden Gibson and Director Payne for deliberate indifference (*Id*., at 9–10). Mr. Bledsoe seeks damages and asks that his disciplinary conviction be overturned, among other relief requested (*Id*., at 11).

II.     **Screening The Complaint**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   Analysis

The Court writes separately to address Mr. Bledsoe's motion to amend complaint which the Court is also considering as Mr. Bledsoe's objections to Judge Kearney's Recommendations (Dkt. No. 6).

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1)   ***Amending as a Matter of Course***. A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2)   ***Other Amendments***. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion in deciding to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–32 (1971). Factors to consider in determining whether leave to amend should be granted

include but are not limited to: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994).

Mr. Bledsoe's motion to amend is futile. In his Recommendations, Judge Kearney recommends dismissal of Mr. Bledsoe's official capacity damages claims against defendants because those claims are the equivalent of claims against the state of Arkansas and are barred by the Eleventh Amendment (Dkt. No. 5, at 4–5). In his Recommendations, Judge Kearney mentions, however, that the Eleventh Amendment does not bar prospective injunctive relief (*Id.*, at 5). In his motion to amend, Mr. Bledsoe seeks to amend his complaint to seek injunctive relief against Director Payne and James Gibson in their "official capacity for their supervision of their employees['] conduct per ADC Policy SD 20-09." (Dkt. No. 6, at 1). For relief, Mr. Bledsoe seeks "corrective actions be given" and that "[p]laintiff be transferred to prevent unjust retaliation by Defendants/co-worker." (*Id.*).[1] Such an amendment would be futile.

While the Eleventh Amendment does not bar prospective injunctive relief, "to establish liability in [an] official-capacity suit under § 1983, [a] plaintiff must show, inter alia, that [the defendant] named in [the] suit took action pursuant to [an] unconstitutional governmental policy or custom." *Hood v. Norris*, 189 F. App'x 580 (8th Cir. 2006) (internal citations omitted). The allegations in Mr. Bledsoe's motion to amend fail to state an official capacity claim for prospective injunctive relief under § 1983 against Director Payne and Warden Gibson because Mr. Bledsoe

---

[1] The docket reflects that Mr. Bledsoe has been transferred to the Tucker Unit of the ADC (Dkt. No. 11, at 1).

does not assert that Director Payne or Warden Gibson took action pursuant to an unconstitutional policy or custom. Mr. Bledsoe does not allege in the amended complaint that Director Payne or Warden Gibson were personally involved, and supervisors cannot be held liable on a theory of respondeat superior for purposes of a claim brought under 42 U.S.C. § 1983. *Wagner v. Jones*, 664 F.3d 259, 275 (8th Cir. 2011); *see also Otey v. Marshall,* 121 F.3d 1150, 1155 (8th Cir. 1997) ("Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights."). Further, Mr. Bledsoe does not contend that ADC Policy SD 20-09 is unconstitutional (Dkt. No. 6).

To the extent that Mr. Bledsoe is claiming that Director Payne and Warden Gibson should have disciplined Major Lewis, Major Barden, or Disciplinary Minor pursuant to ADC Policy SD 20-09, Judge Kearney's Recommendations explain that none of their actions as alleged in the complaint amounted to the violation of a constitutional right. Accordingly, Mr. Bledsoe's motion to amend to attempt to state an official capacity claim for prospective injunctive relief against Director Payne and Warden Gibson is denied as futile.

Mr. Bledsoe also seeks to add deliberate indifference claims against Major Lewis, Major Barden, and Disciplinary Judge Minor (Dkt. No. 6, at 1). Mr. Bledsoe's deliberate indifference claims are based on his assertion that Major Lewis, Major Barden, and Disciplinary Judge Minor falsified state documents and violated ADC policies and procedures (*Id.*). As set forth in Judge Kearney's Recommendations, Mr. Bledsoe offers no facts to support his assertion that Major Lewis, Major Barden, and Disciplinary Judge Minor falsified documents, and bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, violations of prison policy do not support a claim for liability under § 1983. *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("there is no § 1983

liability for violating prison policy"). The Court deems futile Mr. Bledsoe's proposed deliberate indifference claims against Major Lewis, Major Barden, and Disciplinary Judge Minor.

Mr. Bledsoe's motion to file amended complaint does not cure the deficiencies in the complaint identified by Judge Kearney in the Recommendations (Dkt. No. 5). For these reasons, the Court denies as futile Mr. Bledsoe's motion to file amended complaint.

### IV. Conclusion

For these reasons, the Court adopts the Recommendations in their entirety as this Court's findings in all respects (Dkt. No. 5). Therefore, it is ordered that:

1. Mr. Bledsoe's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted (Dkt. No. 2);

2. Mr. Bledsoe's motion to amend complaint is denied as futile (Dkt. No. 6);

3. Mr. Bledsoe's motion to appoint counsel and motion for appointment of attorney are denied as moot (Dkt. Nos. 3; 7);

4. Mr. Bledsoe's motion for summary judgment is denied as moot (Dkt. No. 9);

5. The Court recommends that, in the future, dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g); and

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

So ordered this 14th day of April, 2025.

_____
Kristine G. Baker
Chief United States District Judge